UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE M. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA MEDICAL FACILITY, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1609 DAD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff alleges as follows. (ECF No. 1.) Plaintiff was placed in administrative segregation as punishment for an altercation that took place on May 7, 2014. On November 5, 2014, an inmate named Hunt was being escorted back to his cell in administrative segregation by Correctional Officers Anderson and Mazsk. Inmate Hunt and Correctional Officer

1  Mazsk engaged in a verbal altercation, which continued as Anderson and Mazsk placed inmate
2  Hunt in his cell, with Hunt's hands cuffed behind his back.  Social Worker Theard attempted to
3  defuse the situation.  According to plaintiff, "[Correctional Officer] Partee just ran up to where
4  Social Worker Theard was trying to calm thing[s] down and just pus[hed] pas[t] Mazsk and
5  Anderson with the whole purpose of causing harm, and not using the new policy of cool down
6  time for EOP and CCCMS inmate[s]."  (Id. at 3.)  Correctional Officers Partee and Mazsk then
7  pepper-sprayed inmate Hunt.  Plaintiff, who was in a nearby cell, was exposed to this pepper
8  spray.  As a result, plaintiff, who suffers from chronic obstructive pulmonary disease ("COPD")
9  and uses three inhalation devices, has experienced "harm to this day," including "go[ing] man
10 down three time[s]."  (Id.)  Plaintiff names six defendants in his complaint:  California Medical
11 Facility, Warden Robert T. Fox, Social Worker Theard, and Correctional Officers Partee, Mazsk,
12 and Anderson.
13       Plaintiff contends that his Eighth Amendment rights were violated in this incident.  The
14 unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by
15 the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430
16 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to prevail on a
17 claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he
18 suffered a sufficiently serious deprivation and that subjectively prison officials acted with
19 deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S.
20 294, 298-99 (1991).  A prison official acts with deliberate indifference when he is "both . . .
21 aware of the facts from which the inference could be drawn that a substantial risk of harm exists,
22 and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  See also
23 Wilson, 501 U.S. at 298–99, 302–03 (the official must actually know of the risk yet fail to take
24 reasonable measures to ensure the prisoner's safety).  "If a [prison official] should have been
25 aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no
26 matter how severe the risk."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
27 Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002)).  A "sufficiently culpable state
28 of mind" requires that the conduct involve more than mere negligence.  Farmer, 511 U.S. at 837,

847 (nothing less than recklessness in the criminal sense, that is, subjective disregard of a risk of harm of which the actor is actually aware, satisfies the "deliberate indifference" element of an Eighth Amendment claim). If the risk of harm was obvious, however, the trier of fact may infer that a defendant knew of the risk, but obviousness per se will not impart knowledge as a matter of law. Id. at 840–42.

The court finds that the allegations in plaintiff's complaint fail to state a cognizable claim for relief under the Eighth Amendment. Plaintiff has failed to allege that defendant Correctional Officers Partee and Mazsk both knew of the risks to plaintiff's health and disregarded these risks when they pepper-sprayed inmate Hunt. Plaintiff is cautioned that, in any amended complaint he may elect to file, he must allege how these defendants would have known of the risks to plaintiff's health. "[A] formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff has also failed to allege any actions by named defendants California Medical Facility, Warden Robert T. Fox, Social Worker Theard, and Correctional Officer Anderson that would give rise to liability on their parts under § 1983. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), his complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, he must allege facts demonstrating how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the amended complaint must allege in specific terms how each named defendant is involved in the alleged violation of plaintiff's constitutional rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo

1  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
2  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of
3  official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d
4  266, 268 (9th Cir. 1982).

5       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading.  This is because, as a
8  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
9  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12      In accordance with the above, IT IS HEREBY ORDERED that:

13      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
15 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
16 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
17 Director of the California Department of Corrections and Rehabilitation filed concurrently
18 herewith.

19      3.  Plaintiff's complaint is dismissed.

20      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
21 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
22 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
23 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
24 two copies of the amended complaint; failure to file an amended complaint in accordance with
25 this order will result in a recommendation that this action be dismissed.

26 Dated:  August 7, 2015

27

28 DAD:10
   john1609.14.new

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE