UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE M. JOHNSON,

    Plaintiff,

v.

CALIFORNIA MEDICAL FACILITY, et al.,

    Defendants.

No. 2:15-cv-1609 DB P

ORDER

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. He has consented to the jurisdiction of a magistrate judge. (ECF No. 7.) Plaintiff's first amended complaint is before the court for screening.

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

The conduct underlying this complaint occurred while plaintiff was housed at California Medical Facility ("CMF") in Vacaville, California. The caption of the pleading identifies these defendants: J. Portee, A. Maszk, R. Anderson, S.W. Theard, Warden R. Fox "et al." Plaintiff names the defendants in their individual and official capacities.

As best as the court can determine, plaintiff alleges as follows:

Plaintiff is a Black inmate who suffers from a number of ailments, including post-traumatic stress disorder, seizure disorder, and cardiovascular pulmonary problem. He is on multiple medications, including "psy" medication.

Plaintiff complains of systemic discrimination and staff misconduct directed at Black inmates at CMF. On an unspecified date, plaintiff was involved in an altercation with a White inmate, J. Ferris. Although plaintiff was defending himself against the younger and larger Inmate Ferris, plaintiff was charged with battery on an inmate and placed in the Secure Housing Unit

("SHU") term for 14 months. Inmate Ferris, on the other hand, served only 85 days. CCI Thompson, in collusion with Inmate Ferris, sought multiple 90-day extensions of time to keep plaintiff in administrative segregation.

On May 10, 2014, after his 14-month SHU term, plaintiff was transferred to a urine- and feces-stained cell that used to belong to Inmate Ferris. This cell, with its high risk of infection, was located in an area known to be loud and disconcerting all night long, providing no rest for the nearby inmates. Plaintiff claims Inmate Ferris was taken out of this unit because he is White, and plaintiff was placed there because he is Black. Plaintiff accuses Inmate Ferris of orchestrating the move in collusion with CMF staff members, including CCI Thompson, CCI N. Clerk, CCI Carpe, Sgt. R. Thomas, and Sgt. Infante. Plaintiff claims that "all Defendant[s]" knew of the high risk of infection in this cell, but placed him there anyway. As a result, plaintiff suffered two staph infections.

Black inmates are routinely assaulted and denied personal items, medication, and food. Plaintiff complained of this conduct to the Warden, Associate Warden, and many others but to no avail. Two months after plaintiff complained to Warden Fox, the Black inmates were moved to another wing that was "worse" with no hot water in the cells. Only after the cells were closed by "the Eastern District" were most Black inmates placed back in general population.

On an unspecified date, CO Partee and CO Maszk assaulted and pepper sprayed another Black inmate, Inmate Hunt, who was not a threat to the officers. This conduct violated prison regulations, was based on the inmate's race, and amounted to excessive and unnecessary force.

Plaintiff experienced retaliation as a result of his complaints. These incidents include: (1) CO Partee confiscated a court-ordered radio, saying "I run this shit up here you get what I give you, for how ever [sic] long I give it to you, and you are not getting one." CO Partee then ordered additional strip searches on plaintiff in his own cell; (2) CO Partee and CO Tylor verbally threatened plaintiff if he complained again; and (3) On January 23, 2015, Supervisor Jiminez sent plaintiff a bag full of "dirty old used underwear" when plaintiff was placed in administrative segregation. Plaintiff also experienced other forms of retaliation (withholding of money, refusal to go to CMF canteen, etc.), but he does not link this conduct to any individual.

3

1    Plaintiff seeks damages.

**IV.   Discussion**

**A.    Linkage and Supervisory Liability**

Under Section 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Plaintiff's pleading names R. Anderson and S.W. Theard, but fails to assert any charging allegations as to them. Additionally, while plaintiff does name A. Maszk, it is in the context of an assault on another inmate, not plaintiff himself. A pro se plaintiff may not represent anyone other than himself or herself. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). These defendants must therefore be dismissed.

Plaintiff also identifies Warden Fox, but the allegations personal to this defendant are only that Black inmates were moved to another wing at CMF two months after plaintiff drafted a letter to him. It is unclear if plaintiff was one of the inmates who were moved. In any event, plaintiff has not asserted any facts that would link these two events together, and the court declines to impute knowledge on a defendant simply because an inmate addressed a letter to him.

Insofar as plaintiff accuses Warden Fox and others of supervisory liability, this claim also fails. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646

4

(9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their supervisory duties.

### B. Eleventh Amendment Immunity

Plaintiff names the defendants in their official and individual capacities, and he seeks only monetary relief. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991). Therefore, plaintiff's claims against the defendants in their official capacities must be dismissed.

### C. Fourteenth Amendment Equal Protection

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); see also Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). To bring a successful equal protection claim, a plaintiff must show differential treatment from a similarly situated class. See Washington v. Davis, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." Draper v. Rhay, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination").

Plaintiff's allegations fail to state an equal protection claim. While there are certain allegations that, if true, suggest racial animus, they fail to provide the necessary nexus to the conduct of any defendant. As for plaintiff's challenge to a policy or practice of denying personal products, medication and food to Black inmates, his allegations are far too conclusory to state a claim.

////

**D.     First Amendment Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, pursuing a civil rights legal action is protected activity under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

////

Plaintiff claims that, because of his complaints against CMF staff, he experienced retaliation at the hands of CO Partee (who confiscated personal items and ordered unnecessary strip searches), CO Partee and CO Tylor (who issued verbal threats), and Supervisor Jiminez (who sent plaintiff a bag of dirty clothing). Plaintiff's allegation against CO Partee state a viable claim in that he alleges this defendant was aware of plaintiff's complaints, acted with a sufficiently culpable state of mind, and his conduct did not advance a legitimate correctional goal. Plaintiff's allegations regarding verbal threats, however, fail because such conduct is not actionable. See, e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under § 1983). Plaintiff's allegations against Supervisor Jiminez also fail because there is an insufficient link between this conduct and plaintiff's protected activity. And finally, plaintiff's remaining claims of retaliation fail because they are not sufficiently linked to any individual.

### E. Eighth Amendment Conditions of Confinement

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference. Farmer, 511 U.S. at 832. To state a claim for such an Eighth Amendment violation, an inmate must show both objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." Farmer, 511 U.S. at 837.

Plaintiff contends that his Eighth Amendment rights were violated when he was placed in Inmate Ferris' former cell. Plaintiff accuses the defendants of knowing about the deplorable conditions before they placed him there and that this conduct resulted in two staph infections. These allegations fall short of stating an Eighth Amendment claim because plaintiff cannot rely on a conclusory statement that that "all Defendant[s]" knew of the cell's conditions; instead, he is required to set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Plaintiff also cannot simply allege CCI Thompson, CCI N. Clerk, CCI Carpe, Sgt. R. Thomas, and Sgt. Infante orchestrated the move. Instead, he must assert specific facts that identify the role of each of these defendants to the alleged violation of plaintiff's constitutional rights.

**F.     Conspiracy**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999). "Conspiracy is not itself a constitutional tort under § 1983, and it does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

For a section 1983 conspiracy claim, "an agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989). However, "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1302 (9th Cir. 1999). Therefore, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Id. at 1301.

Plaintiff accuses the defendants of conspiring with Inmate Ferris to violate plaintiff's constitutional rights. As discussed supra, plaintiff's sole viable claim is a retaliation claim against

1 | CO Partee. Plaintiff's allegations of conspiracy as to this claim, as well as the other non-viable
2 | claims, are simply too vague and speculative to suggest a meeting of the minds.

**V.    Conclusion**

Plaintiff's first amended complaint states a First Amendment retaliation claim against CO Partee. All other claims and defendants must be dismissed. Plaintiff will, however, be granted leave to amend.

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, plaintiff must either:
    a. File a second amended complaint curing the deficiencies identified by the court in this order, or

        b. Notify the court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; and

3. If plaintiff fails to comply with this order, the undersigned will dismiss this action for failure to obey a court order and failure to prosecute.

Dated: April 12, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7;
DB/Inbox/Substantive/john1609.scrn.1AC